UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW P. FLOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:24-cv-00224-NT |
| | ) | |
| | ) | |
| WASHINGTON COUNTY JAIL, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner seeks relief pursuant to 28 U.S.C. § 2254 with respect to an ongoing state court prosecution. (Petition, ECF No. 1.) Following a preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition.

**FACTUAL BACKGROUND**

Petitioner alleges that he is being held at the Washington County Jail on a misdemeanor theft charge and two felony charges (aggravated criminal mischief and terrorizing). (Petition at 1.) He asserts that the state court has ordered a competency evaluation and suggests that a conflict of interest exists for one of the prosecutors and one of the presiding judges. (Petition at 1 – 3.) Petitioner also contends the state has not produced certain discovery and the jail has prevented him from accessing certain services. (Petition at 3 – 4.)

#### DISCUSSION

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Petitioner does not assert that the state criminal proceeding has reached a final resolution, and his reference to a competency evaluation suggests the proceeding is most likely ongoing. The criminal proceeding alleged in the petition is judicial in nature, implicates important state interests associated with the State's

administration of its laws, and the state court system affords Petitioner an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate.

"Courts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012). In this case, Petitioner has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention. Accordingly, dismissal is warranted.[1]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[1] Even if the state court criminal proceedings have reached final judgment, dismissal would still be appropriate here because Petitioner must exhaust his state court appellate and postconviction remedies before pursuing a § 2254 habeas petition in federal court. *See* 18 U.S.C. § 2254(b)(1)(A); *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                     /s/ John C. Nivison
                                     U.S. Magistrate Judge

Dated this 26th day of June, 2024.